## H. H. McLane v. W. L. Evans.

Application No. 2750. Decided October 8, 1900.

**Jurisdiction of Supreme Court—Motion to Correct Judgment.**

To entitle to a writ of error to review a decision affirming on appeal a judgment of the district court denying a motion to correct the entry therein of a judgment of foreclosure, it must be made to appear that the Supreme Court has jurisdiction (by reason of the foreclosure being on real estate or the amount beyond the jurisdiction of county courts), since it would have no jurisdiction in the proceeding on motion to correct judgment where it could have none over the original case; and the facts showing the case to be within its jurisdiction should, it seems, appear from the transcript as well as by the petition for writ of error. (Pp. 78, 79.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Edward Ostrom* and *James Raley,* for applicant.

GAINES, CHIEF JUSTICE.—The applicant for writ of error in this case filed a motion in a district court of Bexar County to correct the entry upon the minutes of that court of a judgment in a certain cause entitled W. L. Evans, Admr., v. Sarah F. Ostrom et al. The District Court denied the motion and, upon appeal, the Court of Civil Appeals affirmed its judgment. This is an application for a writ of error to reverse the judgment of the latter court.

Article 942 of the Revised Statutes provides: "Any party desiring to sue out a writ of error before the Supreme Court shall present his

petition addressed to said court, stating the nature of his case and the grounds upon which the writ of error is prayed for, and showing that the Supreme Court has jurisdiction thereof," etc. The transcript which accompanies the application does not show the nature of the original suit. The petition for the writ of error avers that the judgment sought to be corrected is "a judgment of foreclosure of a mortgage in which various lienholders and purchasers are made parties." It does not appear whether the foreclosure was upon the real estate or personal property. If upon personal property and the value thereof had been more than five hundred and not more than one thousand dollars, the county court would have had jurisdiction. In such a case the judgment of the Court of Civil Appeals is final. Our opinion is that if we were without jurisdiction to grant a writ of error in the original case, we are without jurisdiction of a motion to correct the judgment in that case.

We have treated the case as if it were sufficient to state the facts showing the jurisdiction in the petition for a writ of error. It would seem, however, that if the appellant desired to have this court review the decision of the appellate court in the event the decision of that court should be against him, he should have incorporated in the transcript so much of the proceedings in the original cause as was necessary to show that it was a suit which could not have been brought in the county court.

The application is dismissed for want of jurisdiction.

*Dismissed.*